UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AMERICAN PETROLEUM INSTITUTE ET AL.** | : | **CASE NO.  2:21-CV-02506** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **U.S. DEPT. OF INTERIOR ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion to Consolidate this proceeding with *Louisiana v. Biden*, No. 2:21-0778 (W.D. La.).  Doc. 23.  The motion was filed by the plaintiffs in this matter and is opposed by defendants herein.[1]  Doc. 49.

For reasons set forth below, the court finds that this motion should be **DENIED.**

**I.**

**BACKGROUND**

The first-filed suit, *Louisiana v. Biden*, was filed in this court on March 24, 2021, by a group of thirteen U.S. States (the "Plaintiff States").[2]  Complaint, *Louisiana v. Biden*, No. 2:21-0778, Doc. 1 (W.D. La. 3/24/21).  Named as defendants were President Joseph R Biden, Jr., Secretary of the Interior Debra Haaland, and officials from the Bureau of Land Management (the "BLM"), the Bureau of Ocean Energy Management (the "BOEM"), and the Bureau of Safety and Environmental Enforcement (the "BSEE") (collectively, the "*Louisiana v. Biden* Defendants").[3]

---

[1] Plaintiffs in *Louisiana v. Biden* consent to the consolidation.  Doc. 23, p. 2.

[2] Plaintiffs in *Louisiana v. Biden* are Louisiana, Alabama, Alaska, Arkansas, Georgia, Mississippi, Missouri, Montana, Nebraska, Oklahoma, Texas, Utah, and West Virginia.  Complaint, *Louisiana v. Biden*, No. 2:21-0778, Doc. 1, p. 4 (W.D. La. 3/24/21).

[3] In addition to the President and the Secretary of the Interior, the following were named as individual defendants in *Louisiana v. Biden*, all sued solely in their official capacities:  Michael Need, Deputy Director of the BLM; Chad

-1-

*Id.* at ¶ 21-40. The Plaintiff States allege that Section 208 of President Biden's Executive Order 14008 "imposes a moratorium on all oil and gas leasing activities in public lands and offshore waters." *Id.* at ¶ 3.[4]  Their complaint alleges that, in implementing the pause mandated by the executive order, the *Louisiana v. Biden* Defendants violated the requirements of the Administrative Procedure Act ("APA"), Outer Continental Shelf Lands Act's ("OCSLA's") Five-Year Leasing Program, the Mineral Leasing Act ("MLA"). *Id.* ¶ 7.  Plaintiff States also challenge the legality of the executive order itself, asserting that it was *ultra vires*, or outside the scope of the President's authority.  The *Louisiana v. Biden* complaint seeks declaratory and injunctive relief under 5 U.S.C. § 706 (judicial review of agency actions) and 43 U.S.C. § 1349 (citizen suit provision for judicial review under the Outer Continental Shelf Lands Act), and nonstatutory *ultra vires* review.  *Id.* at ¶ 127-176.  Among other relief, the Plaintiff States request declaratory judgment as to the invalidity of the pause, injunctive relief prohibiting BOEM, BLM or the Secretary of the Interior from acting in compliance with Section 208 of Executive Order 14008, and an order compelling the *Louisiana v. Biden* Defendants to proceed with leasing sales under the OCSLA and MLA.  *Id.* at p. 50.

On August 16, 2021, the plaintiffs filed this suit.  Doc. 1.  The plaintiffs are associations with ties to the oil and gas industry (the "Industry Plaintiffs").[5]  Their complaint seeks relief under

Padgett, Director of the BLM Alaska Office; Raymond Suazo, Director of the BLM Arizona Office; Karen Mouritsen, Director of the BLM California Office; Karen Mouritsen, Director of the BLM California Office; Jamie Connell, Director of the BLM Colorado Office; Mitchell Leverette, Director of the BLM Eastern States Office; John Ruhs, Director of the BLM Idaho Office; John Mehlhoff, Director of the BLM Montana-Dakotas Office; Jon Raby, Director of the BLM Nevada Office; Steve Wells, Acting Director of the BLM New Mexico Office; Barry Bushue, Director of the BLM Oregon-Washington Office; Greg Sheehan, Director of the BLM Utah Office; Kim Liebhauser, Acting Director of the BLM Wyoming Office; Amanda Lefton, Director of the BOEM; Michael Celata, Regional Director of the BOEM Gulf of Mexico Office; Lars Herbst, Regional Director of the BSEE Gulf of Mexico OCS Office; Mark Fesmire, Regional Director of the BSEE Alaska and Pacific Office.

[4] Though plaintiffs entitle the collection of the challenged actions "the Biden Ban" or "Leasing Moratoriums," we will call the action a "pause" as that is the language used by the President in the executive order at issue.

[5] The plaintiffs in this matter are American Petroleum Institute, American Exploration & Production Council, Independent Petroleum Association of America, International Association of Drilling Contractors, National Ocean Industries Association, Montana Petroleum Association, North Dakota Petroleum Council, Petroleum Alliance of Oklahoma, Southeast Oil & Gas Association, Utah Petroleum Association, Western States Petroleum Association,

5 U.S.C. § 706 (judicial review of agency actions), 28 U.S.C. § 1361 (action to compel an officer of the U.S. to perform a duty), and 28 U.S.C. § 2201 & 2201 (declaratory relief). Doc. 1, ¶ 27. Named as defendants are the U.S. Department of the Interior (the "DOI"), the BLM, and the BOEM, along with individual officers of the DOI, BLM, and BOEM (collectively the "Government Defendants").[6]  The suit alleges that DOI, acting through the other defendants, instituted a de facto "indefinite moratorium on all federal oil and gas lease sales onshore and on the Outer Continental Shelf ("OCS")" in response to Section 208 of President Biden's Executive Order 14008.  Doc. 1, ¶ 1-2.  The Industry Plaintiffs allege that in doing so, the Government Defendants acted in contravention of the APA, the MLA, the Mineral Leasing Act for Acquired Lands ("MLAAL"), OCSLA's Five-Year Leasing Program, the Federal Land Policy and Management Act ("FLPMA"), applicable Resource Management Plans ("RMPs") and the National Environmental Policy Act ("NEPA").  Doc. 1, ¶ 6.  Industry Plaintiffs seek declarations that the Government Defendants' actions do not comply with the requirements of the MLA, MLAAL, OCSLA, FLPMA, and NEPA; they seek an order compelling lease sales under MLA, MLAAL and OCSLA to proceed and an order compelling the Government Defendants to adopt a new Five-Year Leasing Program for OCS leasing.  Doc. 1, p. 28-29.

The Industry Plaintiffs now move to consolidate this action with *Louisiana v. Biden*.  Doc. 23.  They argue that both actions involve common questions of law and fact concerning the pause in federal oil and gas leasing activities onshore and on the OCS, that both allege violations of the APA, OCSLA and MLA, and that both seek declaratory and injunctive relief.  Doc. 23, att. 1, pp.

---

Aries Marine Corp., EnerGeo Alliance, Valveworks U S A Inc. Doc.  For ease of reference, they are referred to collectively as "Industry Plaintiffs."  Doc. 1, ¶ 7-18.

[6] Named in their official capacities in this suit are Secretary of the Interior Debra Haaland, Principal Deputy Assistant Secretary for Land & Minerals Management Laura Daniel-Davis, Deputy Director of Policy & Programs of the Bureau of Land Management Nada Culver, and Director of the Bureau of Ocean Energy Management Amanda Lefton.

6-7.  In response, the Government Defendants argue that, even though there is some overlap as to the agency actions being challenged, that overlap is not complete; that the instant suit presents new questions of law involving the application of FLPMA, RMPs, and NEPA; and that the cases are in different procedural postures because of the progress already made in *Louisiana v. Biden*.  Doc. 49.

## II.
### Law and Analysis

Rule 42 of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "A trial court has broad discretion in determining whether to consolidate a case pending before it."  *Nat'l Ass'n for Advancement of Colored People of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) "[A] trial court's managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Consolidation may be ordered despite opposition of the parties. *In re Air Crash Disaster*, 549 F.2d at 1013.  "Rule 42(a) 'is permissive and vests a purely discretionary power in the district court[,]'" which is reviewed for abuse of discretion.  *In re Air Crash Disaster*, 549 F.2d at 1013 (quoting *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955)). In weighing consolidation, courts consider numerous factors, including:

> whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Varnado v. Leblanc*, 2016 WL 320146, *2 (M.D. La. 2016), quoted as authority in *Moore v. LaSalle Corr. Inc.*, 2017 WL 1089195, at *2 (W.D. La. 2017).

We find that application of the foregoing factors supports a conclusion that consolidation would inappropriate here.  We note first that this court declined defendants' request to transfer *Louisiana v. Biden* to Wyoming.  *State v. Biden*, 538 F. Supp. 3d 649, 652 (W.D. La. 2021). Although the standards for transfer and consolidation are different, the decision not to transfer *Louisiana v. Biden* to Wyoming is instructive here because the Industry Plaintiffs' suit is more similar to the Wyoming suit than it is to *Louisiana v. Biden*.  In other words, this court has already found that a lawsuit with similarities to the Industry Plaintiffs' suit has  "some overlap" but not "substantial overlap" with *Louisiana v. Biden*.  *Id.* at 656.   This court reasoned:

> The primary issues will be whether each named Defendant federal agency had the authority and power to cancel and/or delay federal oil and gas lease sales. The federal agencies are not the same and the statutory authority is not the same. Specific lease sales are involved in the Louisiana suit but are not in the Wyoming suit. The Wyoming suit is a much narrower challenge to one agency decision, while the Louisiana suit is a much broader claim against several agencies, and President Biden.

*Id*.  Here, the Industry Plaintiffs note that the criteria for transfer are different from the criteria governing consolidation.  *See e.g.*, *Raz Imports, Inc. v. Luminara Worldwide, LLC*, No. 3:15-CV-02223-M, 2015 WL 6692107, at *6 (N.D. Tex. Nov. 3, 2015)(discussing whether matter being transferred could be consolidated into first-filed matter after transfer).  The court's reasoning on the *Louisiana v. Biden* motion to transfer, however, is relevant insofar as it sketches the different paths each suit must take toward full adjudication of the allegations in each.

Returning to the motion at hand, both this suit and *Louisiana v. Biden* concern the legality of the Federal government's pause on oil and gas leasing under Section 208 of President Biden's Executive Order 14008.  The Plaintiff States and the Industry Plaintiffs allege that they have been

harmed in somewhat different ways by the pause, and they seek relief under somewhat different legal theories.  The most obvious difference is that the Industry Plaintiffs alone state legal theories involving the application of FLPMA, NEPA and applicable RMPs, and the Plaintiff States alone challenge the legality of the President's executive order itself.  So, although they cross Rule 42's basic threshold in that they involve common issues of law and fact, the overlap of those issues is far from complete.

The actions are pending before the same court.  This weighs against consolidation because, "to the extent that there are any common issues of law between the suits, the parties and the court can readily transfer the principles settled in the earlier suit to the subsequent case."  *U.S. v. Davis, Sr.*, 115 A.F.T.R.2d 2015-1743 (W.D. La 2015).  There is little risk of inconsistent results because the same district judge is adjudicating both matters.  On the other hand, prejudice or confusion could result from the consolidation because injecting new issues into the Plaintiff States' lawsuit at this point could slow the progress toward resolution of the unique legal issues raised in that matter.

The actions involve few common parties.  None of the plaintiffs are the same.  The only common parties to the two suits are defendants Debra Haaland (in her capacity as Secretary of the Interior) and Amanda Lefton (in her capacity as Director of the BOEM).

Finally, the cases are not in the same phases of preparation for trial.  In the first-filed suit, a preliminary injunction has been issued, and it is on appeal.  *See Louisiana v. Biden*, 543 F. Supp. 3d 388, 396 (W.D. La. 2021), *on appeal by State of Louisiana*, No. 21-30505 (5th Cir. 8/17/2021).  The *Louisiana v. Biden* court has also heard and ruled on a motion to dismiss.   No. 21-cv-778, docs. 154, 170; 2021 WL 4312502, (W.D. La., Aug. 23, 2021) *report and recommendation adopted by* 2021 WL 4314795, (W.D. La. Sep. 22, 2021).

## III.
### CONCLUSION

For the reasons given the Motion to Consolidate is **DENIED**.

THUS DONE AND SIGNED in Chambers this 18th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE