UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMERICAN PETROLEUM INSTITUTE ET AL. | : | CASE NO.  2:21-CV-02506 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| U.S. DEPT. OF INTERIOR ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Intervene filed by Healthy Gulf, Center for Biological Diversity, Citizens for a Healthy Community, Cook Inletkeeper, Defenders of Wildlife, Food & Water Watch, Friends of the Earth, Great Old Broads for Wilderness, Montana Environmental Information Center, Oceana, Sierra Club, The Wilderness Society, Valley Organic Growers Association, Western Organization of Resource Councils, Western Watersheds Project, and WildEarth Guardians (collectively, the "Conservation Groups").  Doc. 32.  The Conservation Groups seek to intervene in this proceeding under Fed. R. Civ. Proc. 24 (a) or (b).  *Id.*  The motion was opposed by plaintiffs herein.[1]  Doc. 64.

For reasons set forth below, the court finds that this motion is **DENIED.**

---

[1] Defendants indicate that they take no position on the intervention.  Doc. 32, p. 2.

# I.
## BACKGROUND

On August 16, 2021, the Plaintiffs filed this suit.  Doc. 1.  The Plaintiffs are associations

with ties to the oil and gas industry (the "Industry Plaintiffs"). [2]   Named as defendants are the U.S.

Department of the Interior (the "DOI") and several other government defendants (collectively, the

"Government Defendants").[3]   The suit alleges that DOI, acting through the other Government

Defendants, instituted a de facto "indefinite moratorium on all federal oil and gas lease sales

onshore and on the Outer Continental Shelf ("OCS")" in response to Section 208 of President

Biden's Executive Order 14008.  Doc. 1, ¶ 1-2.  The Industry Plaintiffs allege that in doing so, the

Government Defendants acted in contravention of the Administrative Procedure Act ("APA"), the

Mineral Leasing Act ("MLA"), the Mineral Leasing Act for Acquired Lands ("MLAAL"), the

Outer Continental Shelf Lands Act's ("OCSLA's") Five-Year Leasing Program, the Federal Land

Policy and Management Act ("FLPMA"), applicable Resource Management Plans ("RMPs") and

the National Environmental Policy Act ("NEPA").   Doc. 1, ¶ 6.   Industry Plaintiffs seek

declarations that the Government Defendants' actions do not comply with the requirements of the

APA, MLA, MLAAL, OCSLA, FLPMA, and NEPA; they seek an order compelling lease sales

under MLA, MLAAL, and OCSLA to proceed; and they seek an order compelling the Government

Defendants to adopt a new Five-Year Leasing Program for OCS leasing.  Doc. 1, p. 28-29.

---

[2] The plaintiffs in this matter are American Petroleum Institute, American Exploration & Production Council, Independent Petroleum Association of America, International Association of Drilling Contractors, National Ocean Industries Association, Montana Petroleum Association, North Dakota Petroleum Council, Petroleum Alliance of Oklahoma, Southeast Oil & Gas Association, Utah Petroleum Association, Western States Petroleum Association, Aries Marine Corp., EnerGeo Alliance, and Valveworks U S A Inc. Doc.  For ease of reference, they are referred to collectively as "Industry Plaintiffs."  Doc. 68.

[3] The other Government Defendants are the Bureau of Land Management (the "BLM") and the Bureau of Ocean Energy Management (the "BOEM"), along with individual officers of the DOI, BLM, and BOEM named in their official capacities.

On October 27, 2021, the Conservation Groups moved to intervene in this action.  Doc. 32. They argue that their intervention is necessary to "protect their and their members' interest in minimizing harms to the environment and climate from oil and gas leasing on federal lands and in federal waters."  Doc. 32, att. 3, p. 6.

In a related case, *Louisiana v. Biden*, the court denied a motion to intervene made on similar grounds by many of the same Conservation Groups who bring the instant motion.  *Louisiana v. Biden*, 338 F.R.D. 219, 221 (Memorandum Order, No. 2:21-0778, Doc. 111) (W.D. La. 5/10/21). Both this suit and *Louisiana v. Biden* concern the legality of the Federal government's pause on oil and gas leasing under Section 208 of President Biden's Executive Order 14008.  Although the court has determined that this matter is not sufficiently related to *Louisiana v. Biden* to warrant consolidation of this matter with *Louisiana v. Biden* [doc. 85], the reasoning on the motion to intervene is pertinent here because the argument in favor of intervention is similar.[4]   The Conservation Groups assert, for example, that they "have legally protectable interests in this case for the same reasons they did in the *Louisiana* case."  Doc. 32, att. 3.  We therefore restate and adopt much of the reasoning of the *Louisiana v. Biden* order on intervention herein.

## II.
### LAW AND ANALYSIS

### A.  Intervention of Right

Rule 24(a) of the Federal Rules of Civil Procedure, states:

> (a)   Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1)   is given an unconditional right to intervene by federal statute, or

---

[4] *Compare* Doc. 32, att., 3, *with* Memorandum in Support of Conservation Groups' Motion to Intervene, No. 2:21-0778, doc. 73, att. 1 (Oct. 27, 2021).

(2)      claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four-prong test:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)); *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

"Failure to satisfy any one requirement precludes intervention of right." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)(citing 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 24.03 (3d ed. 2008)). Federal courts should allow intervention when no one would be hurt, and the greater justice could be attained. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562 (5th Cir. 2016).

### 1.      *Timeliness*

Prong one requires the motion to be timely.

The timeliness inquiry is contextual; absolute measures of timeliness should be ignored. Timeliness is not limited to chronological considerations but is to be determined from all the circumstances. *Wal-Mart Stores, Inc.*, 834 F.3d at 565.

Conservation Groups' Motion to Intervene is timely.  The Complaint [doc. 1] was filed on August 16, 2021.  Conservation Groups' motion was filed approximately two months later on October 17, 2021. Doc. 32.  Consistent with the reasoning of *Louisiana v. Biden*, we find that the motion here is timely.

### 2.      *Interest Relating to Subject of the Action*

Prong two requires the applicant to have an interest relating to the property or transaction which is the subject of the action.

The touchtone of the inquiry is whether the interest alleged is alleged to be "legally protectible." *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 464 (5th Cir. 1984).  An interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim.  *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).  Conservation Groups allege a legally protected interest in protecting the environment in reference to oil and gas leasing practices conducted by the U.S. Department of the Interior.

### 3.      *Ability to Protect Interest*

Prong three requires the applicant to be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest.

The primary issue in this matter is whether Section 208 of the Executive Order No. 14008 and the subsequent "pause" by the Government Defendants is consistent with the APA, MLA, OCSLA, FLPMA, NEPA, and applicable RMPs.  Arguably, a determination of this issue could impair or impede Conservation Groups' ability to protect their interests.

### 4.      *Adequate Representation*

Prong four requires the applicant to show that its interests are inadequately represented by the existing parties to the suit.

The Conservation Groups maintain that their interests may not be adequately represented by existing parties to the litigation, arguing that recent events show that the Conservation Groups and the Government Defendants have a difference of objectives.  Doc. 32, att. 3, p. 13-25.   The burden of establishing inadequate representation is on the applicant for intervention.  *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).  The applicant for intervention need not show that the representation by existing parties will be, for certain, inadequate.  *Id.*  Instead, inadequacy is satisfied if the applicant shows that the representation of applicant's interest "may be" inadequate.  *Id.*  Although the applicant for intervention's burden is "minimal," it cannot be treated as so minimal as to write the requirement completely out of the rule.  *Id.*

Fifth Circuit jurisprudence has created two presumptions of adequate representation that Conservation Groups must overcome.  One presumption arises when the applicant has the "same ultimate objective" as a party to the lawsuit.  If the "same ultimate objective" presumption applies, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption."  *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015); *Edwards v. City of Houston*, 78 F.3d at 1005; and *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984).

In ruling on the *Louisiana v. Biden* intervention, this court held that the Conservation Groups had been unable to rebut the presumption of adequate representation that arises when a would-be intervenor and an existing party share the "same ultimate objective."  338 F.R.D. 219, 223-24 (Memorandum Order, No. 2:21-0778, Doc. 111 at 7) (W.D. La. 5/10/21).

> The Plaintiff States argue that Government Defendants and Conservation Groups have the same "ultimate objective" in this suit, which is to deny these challenges to Section 208 Executive Order 14008 and the authority to implement a moratorium on the leasing of public lands and the Outer Continental Shelf for natural resource development. Plaintiff States further argue there can only be one "ultimate objective" in this suit, not several "ultimate objectives." Plaintiff States maintain that because the ultimate objective of both Conservation Groups and Government Defendants is the same, there is a presumption of adequacy that Conservation Groups are unable to overcome.

*Id.*

The Conservation Groups argue that the presumption no longer applies because the Government Defendants "appear[] to have abandoned" the once-shared goal of defending the lease pause by "proceeding with new leasing" including expanding leasing in the Gulf of Mexico—an expansion that the Conservation Groups argue was not strictly required by this court's order.  Doc. 32, att. 3, p. 19.    Conservation Groups also argue that the manner in which the Government Defendants pursued their appeal of the preliminary injunction—without attempting to keep it from taking effect—shows the Government's changed stance.  *Id.* at 19-20.  Finally, the Conservation Groups argue that their interests and the Government Defendants' interests diverge with respect to the Industry Plaintiffs' claims in this matter arising under OCSLA and FLPMA, which do not have counterparts in *Louisiana v. Biden*.  *Id.* at 21.  The Conservation Groups argue that OCSLA and FLPMA require the BLM to balance a wide variety of interests, only one of which is conservation. The groups point to frequent litigation between themselves and government entities as evidence of the fact that the Government Defendants' interest is always in striking that balance of competing interests, rather than in achieving the sole aim environmental conservation.   In sum, the Conservation Groups argue that their interest in defending the lease pause is no longer adequately represented.

Consistent with *Louisiana v. Biden*, we determine that the Conservation Groups' interests in maintaining the leasing pause are adequately represented by the Government Defendants. Except for the arguments concerning events since the *Louisiana v. Biden* intervention ruling, the Conservation Groups arguments were considered in that ruling.  Since this court enjoined the lease pause, the *Louisiana v. Biden* Government Defendants resumed leasing in accordance with this court's order while also appealing that order. [5]  We cannot infer from the manner in which they resumed the leasing or the manner in which they pursued the appeal that the Government Defendants have abandoned the ultimate objective of pausing leasing in accordance with Section 208 of Executive Order 14008 or other law.

Since the "ultimate objective" of the Government Defendants and the Conservation Groups is the same, a presumption of adequacy applies that the Conservation Groups have been unable to rebut.  For the above reasons, the Conservation Groups' Motion to Intervene as an intervention of right is **DENIED**.

### B.  Permissive Intervention

Rule 24(b) of the Federal Rules of Civil Procedure states:

(1)     In General. On timely motion, the court may permit anyone to intervene who:

(A)     is given a conditional right to intervene by a federal statute; or

(B)     has a claim or defense that shares with the main action a common question of law or fact."

District Courts have broad discretion in allowing intervention.  *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003).  A request for permissive intervention

---

[5] On motion for preliminary injunction, this court ordered that government defendants including DOI, BLM, and BOEM, were enjoined and restrained from implementing the pause of new oil and natural gas leases on public lands or in offshore waters as set forth in Section 208 of Executive Order 14008. *Louisiana v. Biden*, 543 F. Supp. 3d 388, 419 (W.D. La. 2021), *appeal docketed*, No. 21-30505 (5th Cir. Aug. 17, 2021).

may be denied when an existing party adequately represents the proposed intervenors.  *Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As previously discussed, the Government Defendants adequately represent Conservation Groups' ultimate objective.  Additionally, to the extent that the Conservation Groups are advocating for positions not at issue in this proceeding, intervention could expand the case to issues not before this Court, potentially increasing costs and delaying resolution of this matter.

For these reasons, Conservation Groups' Motion to Intervene by permissive intervention is also **DENIED**.

## C.      Amicus Curiae

Conservation Groups may have expertise in the issues in this proceeding.  This Court invites Conservation Groups to request amicus curiae status in this case and to file briefs addressing the constitutional and statutory authority issues.

## III.
### CONCLUSION

For the reasons given, IT IS ORDERED that the Motion to Intervene [doc. 32]  is **DENIED**.

THUS DONE AND SIGNED in Chambers this 29th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE